**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSY SAARLOOS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE COWBOY CHANNEL, LLC,<br><br>       Defendant. | Case No. 5:24-cv-02058-KK-SP<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 27, 2025<br>Time:   9:30 a.m.<br>Courtroom: 3<br>Judge:   Hon. Kenly Kiya Kato |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 27, 2025 at 9:30 a.m., in Courtroom 3 of the above-captioned Court before the Honorable Kenly Kiya Kato, Plaintiff Lindsy Saarloos ("Plaintiff") will and hereby does move for an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the Settlement Agreement and exhibits thereto, filed concurrently herewith. Specifically, Plaintiff moves for an Order: (1) granting preliminary approval of the proposed Settlement; (2) finding that a Class can be certified for settlement purposes; (3) approving the parties' proposed Notice Plan and forms of notice; (4) directing that the notice of the proposed Settlement be disseminated to the Class; (5) approving the procedures for Settlement Class Members to exclude themselves from or object to the Settlement; (6) appointing Plaintiff as Class Representative for the Class; (7) appointing Bursor & Fisher, P.A. as Class Counsel; (8) appointing Simpluris as the Settlement Administrator specified in the Settlement; and (9) setting the following schedule on further proceedings to determine whether the proposed Settlement is fair, reasonable, and adequate and whether an order awarding attorneys' fees and reimbursement of expenses and service payments should be approved, which would set dates to be calculated from the date on which the Court enters an order granting this motion, as indicated below:

| Event | Deadline |
|---|---|
| CAFA Notice pursuant to 28 U.S.C. § 1715(b) | Within 10 days of filing of motion for preliminary approval |
| Notice Date | 30 days after Preliminary Approval Granted |
| Applications for service award and Attorneys' Fees and Expenses | 45 days after Notice Date |
| Objection and Opt-Out Deadline | 60 days after Notice Date |

| Claims Deadline | 90 days after Notice Date |
|---|---|
| Final Approval Motion and response to any objections | 28 days before Final Approval Hearing |
| Deadline to submit notices of appearance at the Final Approval Hearing | 28 days before Final Approval Hearing |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 days before Final Approval Hearing |
| Final Approval Hearing | No earlier than 90 days after Notice |
| Award Issuance Date | Begins 14 days after Effective Date |

This motion is made pursuant to Fed. R. Civ. P. 23 and is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Settlement Agreement and exhibits attached thereto; the supporting declarations filed concurrently herewith; and such evidence and argument as the Court may consider at any hearing on this motion.

Dated:  February 7, 2025          **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ........................................................................................ 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ................................... 3

III.  TERMS OF THE SETTLEMENT ............................................................. 3

    A.    The Class Definition ..................................................................... 3

    B.    The Settlement Benefits ................................................................ 4

    C.    The Settlement Administrator ........................................................ 4

    D.    Release ........................................................................................... 4

    E.    The Notice Plan ............................................................................. 4

    F.    Proposed Class Representative Service Award .............................. 6

    G.    Attorneys' Fees and Costs ............................................................. 6

IV.   PRELIMINARY APPROVAL IS APPROPRIATE .................................... 7

    A.    Legal Standards ............................................................................. 7

        1.    Class Certification ............................................................... 8

        2.    Fairness of the Proposed Class Action Settlement ............. 8

    B.    Class Certification ......................................................................... 10

        1.    The Class is Sufficiently Numerous .................................... 10

        2.    There are Common Questions of Law and Fact ................... 11

        3.    The Class Representative's Claims are Typical of Those of Other Class Members ................................................... 11

        4.    The Class Representative and Class Counsel Adequately Represent the Class Members ............................... 12

        5.    The Settlement Class Meets the Requirements of Rule 23(b)(3) Because Common Issues of Law and Fact Predominate ......................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.   The Proposed Settlement Should be Preliminarily Approved ............................................................. 14

     1.   The Strength of Plaintiff's Case ............................ 14

     2.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation ............................ 15

     3.   The Risk of Maintaining Class Action Status Throughout the Trial ........................................... 16

     4.   The Amount Offered in Settlement ....................... 16

     5.   The Extent of Discovery Completed and the State of the Proceedings ...................................... 17

     6.   The Experience and Views of Counsel................... 17

     7.   The Presence of a Governmental Participant ......... 18

     8.   The Reaction of the Class Members to the Proposed Settlement .......................................... 18

D.   The Settlement was the Product of Arm's-Length Negotiations ................................................................ 18

E.   The Proposed Notice is Appropriate............................ 19

F.   The Court Should Set Settlement Deadlines and Schedule a Final Approval Hearing .............................. 21

V.   CONCLUSION ...................................................................... 21

1

**TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

**CASES**

4

*Abat v. Chase Bank USA, N.A.,*

5
   2011 WL 13130637 (C.D. Cal. July 11, 2011) ........................................................20

6

*Abdullah v. U.S. Sec. Assocs., Inc.,*

7
   731 F.3d 952 (9th Cir. 2013)................................................................................11

8

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) ...............................................................12, 13, 14, 19

9

10

*Barbosa v. Cargill Meat Sols. Corp.,*
   297 F.R.D. 431 (E.D. Cal. 2013)..........................................................................18

11

12

*Ching v. Siemens Indus., Inc.,*
   2014 WL 2926210 (N.D. Cal. June 27, 2014) .......................................................15

13

14

*Churchill Vill., LLC v. Gen. Elec.,*
   361 F.3d 566 (9th Cir.2004)................................................................................20

15

16

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992)...............................................................................7

17

18

*Collins v. Cargill Meat Sols. Corp.,*
   274 F.R.D. 294 (E.D. Cal. 2011).........................................................................20

19

20

*Ellis v. Costco Wholesale Corp.,*
   657 F.3d 970 (9th Cir. 2011) ...............................................................................12

21

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982) ..........................................................................................12

22

23

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998)..............................................................................11

24

25

*Haralson v. U.S. Aviation Servs. Corp.,*
   383 F. Supp. 3d 959 (N.D. Cal. 2019) ...................................................................7

26

27

*Harris v. Vector Mktg. Corp.,*
   2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ........................................................9

28

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
   270 F.R.D. 330 (N.D. Ill. 2010) ................................................................. 7

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ................................................................. 18

*In re Emulex Corp. Sec. Litig.*,
   210 F.R.D. 717 (C.D. Cal. 2002) ............................................................ 13

*In re Hulu Privacy Litig.*,
   86 F. Supp. 3d 1090 (N.D. Cal. 2015) .................................................... 14

*In re Hulu Privacy Litig.*,
   2014 WL 2758598 (N.D. Cal. June 17, 2014) ........................................ 14

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ................................................................. 10

*In re Lithium Ion Batteries Antitrust Litig.*,
   2018 WL 4215573 (N.D. Cal. Sept. 4, 2018) ........................................ 10

*In re Monumental Life Ins. Co.*,
   365 F.3d 408 (5th Cir. 2004) ................................................................. 10

*In re Netflix Privacy Litig.*,
   2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ....................................... 17

*In re Vizio, Inc., Consumer Privacy Litig.*,
   2019 WL 12966638 (C.D. Cal. July 31, 2019) ...................................... 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
   895 F.3d 597 (9th Cir. 2018) ................................................................. 12

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ................................................................. 17

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ............................................................ 7, 9

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F.3d 1152 (9th Cir. 2001) ............................................................... 14

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ................................................................. 11

*Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*,
 618 F.3d 988 (9th Cir. 2010) .......................................................................... 6

*Mullane v. Cent. Hanover Bank & Trust Co.*,
 339 U.S. 306 (1950) ..................................................................................... 19

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
 221 F.R.D. 523 (C.D. Cal. 2004) ........................................................... 15, 18

*Noll v. eBay, Inc.*,
 309 F.R.D. 593 (N.D. Cal. 2015) ................................................................. 20

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
 688 F.2d 615 (9th Cir. 1982) ....................................................................... 7, 9

*Otsuka v. Polo Ralph Lauren Corp.*,
 251 F.R.D. 439 (N.D. Cal. 2008) ................................................................. 14

*Powers v. Hamilton County Public Defender Com'n*,
 501 F.3d 592 (6th Cir. 2007) ........................................................................ 10

*Reppert v. Marvin Lumber & Cedar Co.*,
 359 F.3d 53 (1st Cir. 2004) .......................................................................... 19

*Silber v. Mabon*,
 18 F.3d 1449 (9th Cir. 1994) ........................................................................ 19

*Spann v. J.C. Penney Corp.*,
 314 F.R.D. 312 (C.D. Cal. 2016) ................................................................. 10

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) .......................................................................... 7

*Stone v. Howard Johnson Int'l, Inc.*,
 2015 WL 13648551 (C.D. Cal. June 15, 2015) ........................................... 20

*Thomas v. Baca*,
 231 F.R.D. 397 (C.D. Cal. 2005) ................................................................. 11

*Trotsky v. Los Angeles Fed. Sav. & Loan Ass'n*,
 48 Cal. App. 3d 134 (1975) .......................................................................... 19

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*,
593 F.3d 802 (9th Cir. 2010) ..................................................................... 8

*Uschold v. NSMG Shared Servs., LLC*,
333 F.R.D. 157 (N.D. Cal. 2019) ........................................................... 7, 8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ................................................................................ 13

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) ...................................................................... 19

*Warner v. Toyota Motor Sales, U.S.A., Inc.*,
2016 WL 8578913 (C.D. Cal. Dec. 2, 2016) ............................................ 20

*Wershba v. Apple Comput., Inc.*,
91 Cal. App. 4th 224 (2001) .............................................................. 19, 20

*West v. Circle K Stores, Inc.*,
2006 WL 1652598 (E.D. Cal. June 13, 2006) ............................................ 9

*Wright v. Linkus Enters., Inc.*,
259 F.R.D. 468 (E.D. Cal. 2009) ............................................................... 9

**STATUTES**

28 U.S.C. § 1715 ...........................................................................i, 5, 18

**RULES**

Fed. R. Civ. P. 23 ...................................................................... passim

Fed. R. Civ. P. 23(a) .................................................................. passim

Fed. R. Civ. P. 23(b) ..................................................... 2, 8, 11, 13

Fed. R. Civ. P. 23(c) .......................................................... 10, 19, 21

Fed. R. Civ. P. 23(e) ........................................................ 7, 8, 9, 10

Fed. R. Civ. P. 23(h) ..................................................................... 6

1

**OTHER AUTHORITIES**

2

4 NEWBERG ON CLASS ACTIONS § 11:53 ........................................................................20

Manual For Complex Litigation § 30.212 (4th ed. 2004) ........................................20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiff Lindsy Saarloos ("Plaintiff"), by and through the undersigned counsel, respectfully submits this memorandum in support of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement.  The Settlement Agreement (the "Settlement" or "Settl.")[1] and its exhibits are attached to the Declaration of Max S. Roberts (the "Declaration"), filed herewith.

Plaintiff alleges Defendant Cowboy Channel LLC ("Defendant" and together with Plaintiff the "Parties") is a video service provider and "'the official network of ProRodeo [(the Professional Rodeo Cowboys Association or PRCA)] and … features content focused on … bull riding, roping, reining, barrel racing, and other western sports genres, along with western fashion and music.'"  ECF. No. 1 ¶ 4.  In addition to offering these services through traditional television channels, Defendant also offers its pre-recorded videos through an internet platform called Cowboy Channel Plus ("CC+").  *Id.* ¶¶ 5-6.  Plaintiff alleges that when users visited this website, "Defendant knowingly and intentionally disclose[d] CC+ users' personally identifiable information—including a record of every video viewed by the user—to unrelated third parties."  *Id.* ¶ 7.  As such, Plaintiff alleges that Defendant violated the Video Protection Privacy Act ("VPPA").  *Id.*

After several months of negotiations, the Parties have reached a settlement that provides real and substantial monetary benefit to the Class.  Defendant has agreed to pay $1,000,000 into a non-reversionary settlement fund from which each of the approximately 155,000 potential Settlement Class Members will be entitled to a *pro rata* share.  If approved, the Settlement will bring certainty, closure, and significant and valuable relief for individuals to what would otherwise likely be a contentious and costly litigation regarding Defendant's unlawful disclosure of CC+ users' personally identifiable information ("PII").

---

[1] All capitalized terms not otherwise defined herein shall have the same definitions as set out in the Settlement.  *See* Roberts Decl. Ex. 1.

As with any class action, the Settlement is subject initially to preliminary approval and then to final approval by the Court after notice to the class and a hearing.  Plaintiff asks the Court to enter an order in the form of the Proposed Preliminary Approval Order, which is attached hereto.  That Order will: (1) grant preliminary approval of the Settlement; (2) conditionally certify the Class, designate Plaintiff as Class Representative, and appoint Bursor & Fisher, P.A. as Class Counsel; (3) appoint Simpluris as the Settlement Administrator and establish procedures for giving notice to members of the Class; (4) approve forms of notice to Class Members; (5) mandate procedures and deadlines for exclusion requests and objections; and (6) set a date, time, and place for a final approval hearing.

Class certification for purposes of settlement is appropriate under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).  The proposed Class is so numerous that the joinder of all Class Members is impracticable; there are questions of law or fact common to the proposed Class; the proposed Class Representative's claims are typical of those of the Class; and the proposed Class Representative will fairly and adequately protect the interests of the proposed Class.  In addition, common issues of law and fact predominate over any questions affecting only individual members and a class action as proposed here is superior to other available methods for the fair and efficient adjudication of the controversy.

The Settlement is fair and reasonable and falls within the range of possible approval.  It is the product of extended arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case and all Class Members are treated fairly under the terms of the Settlement.  Plaintiff, by and through her counsel, has conducted an extensive investigation into the facts and law relating to this matter as set forth below and in the accompanying Declaration. While Plaintiff believes she could secure class certification and prevail on the merits at trial, success is not guaranteed, particularly given the uncertainty in the law surrounding the VPPA, and Defendant is prepared to vigorously defend this case and

oppose certification of a litigated class.  The terms of the Settlement provide
Settlement Class Members with meaningful compensation and meet or exceed the
applicable standards of fairness.  Accordingly, the Court should preliminarily
approve the Settlement so that the Settlement Class Members can receive notice of
their rights, and the claims administration process may begin.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Prior to the commencement of this action, Plaintiff, by and through her
counsel, retained a private research company to conduct extensive dynamic analysis
of Defendant's website.  ECF No. 1 ¶ 20.  The purpose of this testing was to discover
what type of information was disclosed when consumers watched videos on
Defendant's website.  Based upon the findings of this investigation, Plaintiff filed a
complaint on September 25, 2024, alleging that Defendant violated the VPPA by
disclosing the PII of its consumers to third parties.  *See id*.  Thereafter, the Parties
engaged in arm's-length negotiations in an effort to resolve this action.  Roberts
Decl. ¶ 3.  The Parties exchanged informal discovery, including paper discovery on
issues such as the size and scope of the putative class and certain facts related to the
strength of Defendant's defenses.  *Id*.  The Parties agreed on the principal material
terms of the Settlement on December 16, 2024, and thereafter spent substantial time
working together on a long form settlement agreement and consulting with a
reputable claims administrator on a notice plan.  *Id*.  The Parties provided notice
thereof, pursuant to Local Rule 40-2, on December 18, 2024.  ECF No. 17.

## III.    TERMS OF THE SETTLEMENT

### A.     The Class Definition

The Settlement Class is defined as: all persons in the United States who have
or had a subscription to Cowboy Channel Plus on cowboychannelplus.com from
September 25, 2022 through, and including, October 9, 2024.  Settl. ¶ 1.28.
According to Defendant's estimate, there are as many as 155,000 people in the
Settlement Class.  Roberts Decl. ¶ 4.

---

MOTION FOR PRELIMINARY APPROVAL                                            3
CASE NO. 5:24-CV-02058-KK-SP

**B.    The Settlement Benefits**

Under the Settlement, Defendant will pay or cause to be paid $1,000,000 into a non-reversionary settlement fund (the "Settlement Fund") and agrees that each class member may file a claim that will entitle him/her to a *pro rata* cash payment from the Settlement Fund.  Settl. ¶ 2.1(a).

**C.    The Settlement Administrator**

The Parties propose that Simpluris, an experienced and reputable national class action administrator, serve as Settlement Administrator to provide notice; administer the claim process; distribute payments; and provide other services necessary to implement the Settlement.  *Id.* ¶ 1.27.

**D.    Release**

In exchange for the relief described above, Defendant and each of its related and affiliated entities as well as all "Released Parties," as defined at Settl. ¶ 1.25, will receive a full release of any and all claims regarding alleged disclosure of the Settlement Class Members' personally identifying information and/or video viewing information and history of any sort to any third party, including all claims that were brought or could have been brought in this case relating to the disclosure of such information belonging to any and all Releasing Parties.  *Id.* ¶ 1.25.

**E.    The Notice Plan**

In the event the Court preliminarily approves the Settlement, no later than the Notice Date, " the Settlement Administrator shall send Notice via First Class U.S. Mail and email substantially in the form attached as Exhibit B and C, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List."  Settl. ¶ 4.1(b).

Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator.  *Id.* ¶ 4.1(c).

Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as **Settlement Agreement Exhibit C** (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List. Settl. ¶ 4.1(d).

Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms online. *Id.* ¶ 4.1(e). Notice provided on the Settlement Website shall be substantially in the form of **Settlement Agreement Exhibit D**.

Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law. *Id.* ¶ 4.1(f).

The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. *Id.* ¶ 4.2. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's

CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel. *Id.*

### F.    Proposed Class Representative Service Award

The Settlement would not have been possible without the time and effort of the named Plaintiff.  Accordingly, Plaintiff's counsel will ask that the Court award her no more than a $5,000 Service Award, to be payable from the Settlement Fund. *Id.* ¶ 8.3.

Plaintiff has been an active participant in the litigation.  She investigated the matter prior to and after retaining her respective attorneys, participated in the plaintiff vetting process implemented by Plaintiff's counsel, reviewed and approved the Complaint, kept in contact with counsel to monitor the progress of the litigation, and reviewed and communicated with her counsel regarding the Settlement Agreement and its exhibits.  *See* Roberts Decl. ¶ 5.

### G.    Attorneys' Fees and Costs

As part of the Settlement, Class Counsel shall apply to the Court for payment of an award of attorneys' fees, paid out of the Settlement Fund, of up to $333,333.33, inclusive of reimbursement of Class Counsel's costs and expenses incurred on behalf of the Plaintiff and the Class.  Settl. ¶ 8.1.

The Proposed Preliminary Approval Order provides that Class Counsel will file a motion for payment of attorneys' fees and expenses prior to the Final Approval Hearing and at the same time as the Opt-Out and Objection Deadline.  Class Members and/or Defendant will have the opportunity to comment on or object to the fee petition under Rule 23(h), consistent with Ninth Circuit authority.  *See Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 993-94 (9th Cir. 2010).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   PRELIMINARY APPROVAL IS APPROPRIATE

### A.   Legal Standards

"The Ninth Circuit maintains a strong judicial policy that favors the settlement of class actions." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 966 (N.D. Cal. 2019) (internal quotations and citation omitted).  "[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide complete victory, given that parties to a settlement "benefit by immediately resolving the litigation and receiving some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (internal quotations and citation omitted).  "[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation[.]" *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (affirming district court's certification of class settlement); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (same).  "At the preliminary approval stage, the settlement need only be potentially fair." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019) (internal quotations and citation omitted); *see also Class Plaintiffs*, 955 F.2d at 1276 ("Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.").  Preliminary approval is thus appropriate if "the proposed settlement appears to be the

---

MOTION FOR PRELIMINARY APPROVAL
CASE NO. 5:24-CV-02058-KK-SP

7

product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Uschold*, 333 F.R.D. at 169.

### 1.    Class Certification

Rule 23(a) imposes four prerequisites for a class action: (1) the class is so numerous that a joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).  Fed. R. Civ. P. 23(a); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union*, AFL-CIO v. *ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).

Under Rule 23(b), a plaintiff must show (1) that common factual and legal issues predominate over individual questions and (2) that a class action is the best method to resolve the class claims.  Fed. R. Civ. P. 23(b)(3).  There are several relevant factors to consider during this analysis: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action.  *Id.*; Fed. R. Civ. P. 23(b)(3)(A)-(D).

### 2.    Fairness of the Proposed Class Action Settlement

Rule 23(e) provides that "the claims, issues, or defenses of a certified class may be settled … only with the court's approval." Fed. R. Civ. P. 23(e).  "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class," and if, upon reviewing that information, the Court concludes that is likely "to: (i) approve the proposal under

Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal,"
then the Court "must direct notice in a reasonable manner to all class members who
would be bound by the proposal." *Id.* This is the "preliminary approval" decision
that Plaintiff now asks the Court to make. *See* Fed. R. Civ. P. 23, Adv. Comm.
Notes to 2018 Amendment.

"The primary concern of [Rule 23(e)] is the protection of th[e] Class
Members, including the named plaintiffs, whose rights may not have been given due
regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. The Court
may approve a settlement agreement "after a hearing and only on finding that it is
fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In analyzing a class
settlement, courts in the Ninth Circuit examine

> a balancing of several factors which may include, among
> others, some or all of the following: the strength of
> plaintiffs' case; the risk, expense, complexity, and likely
> duration of further litigation; the risk of maintaining class
> action status throughout the trial; the amount offered in
> settlement; the extent of discovery completed, and the
> stage of the proceedings; the experience and views of
> counsel; the presence of a governmental participant; and
> the reaction of the class members to the proposed
> settlement.

*Linney*, 151 F.3d at 1242.

Approval of a class action settlement requires a two-step process: preliminary
approval followed by a later, final approval. *See West v. Circle K Stores, Inc.*, 2006
WL 1652598, at *2 (E.D. Cal. June 13, 2006) ("[A]pproval of a class action
settlement takes place in two stages."). At the preliminary approval stage, the court
"evaluate[s] the terms of the settlement to determine whether they are within a range
of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472
(E.D. Cal. 2009). Although "[c]loser scrutiny is reserved for the final approval
hearing[,]" *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *7 (N.D. Cal. Apr.
29, 2011), "the showing at the preliminary approval stage—given the amount of

1   time, money and resources involved in, for example, sending out new class notices—

2   should be good enough for final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D.

3   312, 319 (C.D. Cal. 2016).

4      **B.    Class Certification**

5      The Settlement Class meets the requirements of Rule 23 and, accordingly, the

6   Court should direct notice informing Settlement Class Members that the Court

7   "likely will be able to" certify the Settlement Class for purposes of judgment on the

8   appeal.  Fed. R. Civ. P. 23(e)(1)(B).  Notably, "[i]n deciding whether to certify a

9   litigation class, a district court must be concerned with manageability at trial.

10  However, such manageability is not a concern in certifying a settlement class where,

11  by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926

12  F.3d 539, 556-57 (9th Cir. 2019).  Moreover, "Rule 23 provides courts the discretion

13  to modify orders granting or denying class certification prior to a final judgment." *In*

14  *re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573, at *3 (N.D. Cal. Sept. 4,

15  2018) (citing Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class

16  certification may be altered or amended before final judgment")); *accord Powers v.*

17  *Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007)

18  ("district courts have broad discretion to modify class definitions"); *In re*

19  *Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("district courts are

20  permitted to limit or modify class definitions to provide the necessary precision").

21      **1.    The Class is Sufficiently Numerous**

22      Rule 23(a)(1) requires that "the class is so numerous that joinder of all

23  members is impracticable."  Fed. R. Civ. P. 23(a).  Here, the class size is estimated to

24  have 155,000 members.  Roberts Decl. ¶ 4.  As such, joinder of all Settlement Class

25  Members would be impractical, to say the least.  Thus, the settlement class is

26  sufficiently numerous.

27

28

---

## 2.     There are Common Questions of Law and Fact

The commonality requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013), *cert. denied*, 574 U.S. 815 (2014) (emphasis and internal quotation marks omitted); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (characterizing commonality as a "limited burden," stating that it "only requires a single significant question of law or fact"). Proof of commonality under Rule 23(a) is "less rigorous" than the related preponderance standard under Rule 23(b)(3). *See Mazza*, 666 F.3d at 589.

Here, there are many common issues of law and fact that affect the Class uniformly and satisfy the commonality requirement, including: whether Defendant collected Plaintiff's and Class Members' PII; whether Defendant unlawfully disclosed and continues to disclose CC+ users' PII, including their video-viewing records, in violation of the VPPA; whether Defendant's disclosures were committed knowingly; and whether Defendant disclosed Plaintiff's and Class Members' PII without consent.

## 3.     The Class Representative's Claims are Typical of Those of Other Class Members

Rule 23(a)(3) requires that the Class Representative's claims be typical of those of the Class. The typicality requirement of Rule 23 is satisfied if the claim of the named class representative arises "from the same course of conduct that gives rise to the claims of unnamed Class Members to bring individual actions." *Thomas v. Baca*, 231 F.R.D. 397, 401 (C.D. Cal. 2005); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (describing standard for typicality as permissive; claims typical if "reasonably co-extensive with those of absent Class Members" although

"they need not be substantially identical."). "The test of typicality is whether other
members have the same or similar injury, whether the action is based on conduct
which is not unique to the named plaintiffs, and whether other Class Members have
been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657
F.3d 970, 984 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Plaintiff's claims are typical of those of the Class because Plaintiff, like
all members of the Class, watched videos on CC+ and had her PII collected and
disclosed by Defendant to third parties Meta, Google, and Yahoo.

### 4.    The Class Representative and Class Counsel Adequately Represent the Class Members

Rule 23(a)(4) permits certification of a class action only if "the representative
parties will fairly and adequately protect the interests of the class," which requires
that (1) the named Plaintiff not have conflicts of interest with the proposed Class;
and that (2) the named Plaintiff be represented by qualified and competent counsel.
*See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
895 F.3d 597, 607 (9th Cir. 2018). "Adequate representation depends on, among
other factors, an absence of antagonism between representatives and absentees, and a
sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985;
*see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) ("The
adequacy inquiry under Rule 23(a) … serves to uncover conflicts of interest between
named parties and the class they seek to represent. A class representative must be
part of the class and possess the same interest and suffer the same injury as the class
members.").

Plaintiff and her counsel are adequate. First, the proposed Class
Representative does not have any conflicts of interest with the absent Class
Members, as her claims are coextensive with those of the Class Members. *Gen. Tel.
Co. of Sw. v. Falcon*, 457 U.S. 147, 157–58, n.13 (1982). Plaintiff has been
consistently involved in this litigation, providing valuable insight and useful facts

allowing Class Counsel to effectively litigate this action and negotiate this Settlement. Further, she regularly communicated with Class Counsel regarding various issues pertaining to this case and will continue to do so until the Settlement is approved, and its administration completed. Roberts Decl. ¶ 5.

Second, proposed Class Counsel are qualified and experienced in conducting class action litigation, especially cases involving the VPPA. *Id.* ¶¶ 8-10. Proposed Class Counsel vigorously prosecuted this action and will continue to do so through final approval. *Id.* ¶ 7. Proposed Class Counsel identified and investigated the claims in this lawsuit and the underlying facts and successfully negotiated this Settlement. Roberts Decl. ¶ 3. *See also In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002) (a court evaluating adequacy of representation may examine "the attorneys' professional qualifications, skill, experience, and resources … [and] the attorneys' demonstrated performance in the suit itself").

### 5. <u>The Settlement Class Meets the Requirements of Rule 23(b)(3) Because Common Issues of Law and Fact Predominate</u>

In addition to the requirements of Rule 23(a), at least one of the prongs of Rule 23(b) must be satisfied. Rule 23(b)(3) allows certification of a class if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In the settlement context, the manageability criterion of Rule 23(b)(3)(D) does not apply. *Amchem*, 521 U.S. at 620.

"Common questions that yield common answers" and are "apt to drive the resolution of this case" predominate over any individual issues. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Here, Plaintiff alleges a common cause of action for the Settlement Class, namely, that Defendant violated the VPPA by knowingly collecting and disseminating consumers' PII.

Finally, if the proposed Settlement Agreement is approved, there will be no need for a trial, and thus manageability of the classes for trial is irrelevant. *Amchem*, 521 U.S. at 620. A class settlement is superior to other methods of litigation where, as here, class treatment will promote greater efficiency and no realistic alternative exists. *See Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001); *accord Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008).

## C.    The Proposed Settlement Should be Preliminarily Approved

### 1.    <u>The Strength of Plaintiff's Case</u>

Given the heavy obstacles and inherent risks Plaintiff faces with respect to her claims, the substantial benefits that the Settlement provides favor preliminary approval of the Settlement. While Plaintiff believes she would likely prevail on her claims, she is also aware of the serious risks inherent in her claims. Notably, while numerous putative class actions have been brought under the VPPA, no plaintiff has yet prevailed on a contested class certification motion, and none have survived summary judgment. Roberts Decl. ¶ 13. On the contrary, the only VPPA cases to ever reach that stage lost on both motions. *See generally In re Hulu Privacy Litig.*, 2014 WL 2758598 (N.D. Cal. June 17, 2014) (denying class certification of VPPA claim); *In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090 (N.D. Cal. 2015) (granting summary judgment for defendant on VPPA claim); *In re Vizio, Inc., Consumer Privacy Litig.*, 2019 WL 12966638, at *7 (C.D. Cal. July 31, 2019) ("*In re Vizio II*") (noting the risks inherent in the VPPA claim); *see also* Roberts Decl. ¶ 13. Accordingly, to say Plaintiff's claims carry risk is an understatement. And, while Plaintiff believes her case is different and that she can buck this trend, when considering the "vagaries of litigation," the "significance of immediate recovery by way of the [proposed] compromise" is much preferable "to the mere possibility of

relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). In such circumstances, courts have held it is "proper to take the bird in hand instead of a prospective flock in the bush." *Id.* (internal quotations and citation omitted).

Indeed, "settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal." *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014); *see id.* ("Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as the Court."). Moreover, approval would allow Plaintiff and the Settlement Class Members to receive meaningful and significant payments now, instead of years from now or never. In short, the result here is exceptional in comparison to other VPPA cases—or, at the very least, is certainly fair, reasonable, and adequate—and warrants Court approval.

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

In absence of settlement, it is certain that the expense, duration, and complexity of the protracted litigation that would result would be substantial. The Parties would have to undergo significant motion practice and expensive, expansive, and technologically intensive discovery. Roberts Decl. ¶ 13. As courts have noted, the "risk, expense, complexity, and likely duration of further litigation" are "probable costs, in both time and money, of continued litigation[,]" that the Settlement would allow the Parties to avoid. *Ching*, 2014 WL 2926210, at *4. As such, the immediate and considerable relief provided to the Settlement Class under the Settlement Agreement weighs heavily in favor of its approval compared to the inherent risk and delay of a long and drawn-out litigation, trial, and appeal. Protracted and expensive litigation is not in the interest of any of the Parties or Settlement Class members.

### 3.    The Risk of Maintaining Class Action Status Throughout the Trial

As noted above, no VPPA claim has ever survived summary judgment or been certified as a class outside of the settlement context.  Roberts Decl. ¶ 13.  Further, given the complexity of the issues and the amount in controversy, the defeated party would likely appeal both any decision on the merits as well as on class certification.  *Id.* ¶ 15.  Thus, this factor weighs in favor of granting preliminary approval of the Settlement.

### 4.    The Amount Offered in Settlement

The Settlement in this case provides substantial material benefits to the Settlement Class: a $1 million Settlement fund from which all Settlement Class Members are entitled to a *pro rata* share.  Settl. ¶ 2.1(a).  Divided amongst approximately 155,000 Class Members, the Settlement provides for a recovery of approximately $6.45 per individual Class Member.  This compares favorably with other privacy settlements under the VPPA or its state-law analogs.  For example, in *Jackson v. Fandango Media,* LLC, Cas No. 2023LA000631 (Ill. Cir. Ct. DuPage Cnty. Dec. 4, 2023), a VPPA case, the court approved a $6 million claims-made settlement for a class of approximately 327,094 individuals, which created an individual class member recovery of $5 in a cash payment.[2]   And in *Stark et al. v. Patreon, Inc.*, Case No. 3:22-cv-3131, the court preliminarily approved a class settlement in a case alleging VPPA claims.  ECF No. 192.  The *Stark* settlement creates a $7.25 million common fund for an approximate 1.2 million person class— leading to an average cost of $6.04 per class member.[3]  Indeed, in several VPPA settlements approved by courts, and unlike here, class members did not receive any

---

[2] Class members in *Fandango* had the alternate option to choose a $15 movie ticket voucher instead.

[3] The Class Notice stated that based on estimated claims rates in similar cases, eligible class members were slated to receive between $35 and $175 each.

monetary compensation, as the proceeds of the settlement predominately went to *cy pres* or charity recipients rather than individual class members. *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *1 (N.D. Cal. Mar. 18, 2013) (VPPA settlement where balance of settlement proceeds, after payment of attorneys' fees and settlement administration expenses, went to *cy pres* rather than to class members); *Lane v. Facebook, Inc.*, 696 F.3d 811, 817 (9th Cir. 2012) (same).

Accordingly, this factor weighs heavily in favor of preliminary approval.

### 5.    The Extent of Discovery Completed and the State of the Proceedings

Discovery was not opened in this case. However, Plaintiff, by and through her counsel, conducted an extensive pre-suit investigation. Furthermore, the Parties exchanged information regarding the facts and size of the class and thoroughly investigated the facts and law relating to Plaintiff's allegations and Defendant's defenses. Roberts Decl. ¶ 3. Accordingly, this factor also weighs in favor of preliminary approval.

### 6.    The Experience and Views of Counsel

Plaintiff is represented by attorneys who have substantial experience serving as counsel in numerous complex actions. Roberts Decl. ¶¶ 7-10. Proposed Class Counsel believes that the proposed Settlement is in the best interest of the Settlement Class members because the Settlement Class members will be provided an immediate payment instead of having to wait for lengthy litigation and any subsequent appeals to run their course. As such, Proposed Class Counsel fully endorse the Settlement as fair, reasonable, adequate, and in the best interests of the Class. *Id.* ¶ 7.

Further, given proposed Class Counsel's extensive experience litigating similar class action cases in federal and state courts across the country, including other cases under the VPPA and its state-law analogs, this factor also weighs in favor

1  of granting preliminary approval.  *See id.* ¶ 8; *id.* Ex. 2 (firm resume); *see also*

2  *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) ("In

3  considering the adequacy of the terms of a settlement, the trial court is entitled to,

4  and should, rely upon the judgment of experienced counsel for the parties."); *Nat'l*

5  *Rural Telecommunications Coop.*, 221 F.R.D. at 528 ("Great weight is accorded to

6  the recommendation of counsel, who are most closely acquainted with the facts of

7  the underlying litigation.") (internal quotations omitted).

8              **7.    The Presence of a Governmental Participant**

9          No governmental agency is involved in this litigation, but the Attorney

10  General of the United States and Attorneys General of each State will be notified of

11  the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C.

12  § 1715, and will have an opportunity to raise any concerns or objections.  Settl.

13  ¶ 4.1(f).

14              **8.    The Reaction of the Class Members to the**
                        **Proposed Settlement**
15

16          The Settlement Class has yet to be notified of the Settlement and given an

17  opportunity to object, so it is premature to assess this factor.  Before the Final

18  Approval Hearing, the Court will receive and be able to review all objections or

19  other comments received from Settlement Class Members, along with a full

20  accounting of all requests for exclusion.

21          **D.    The Settlement was the Product of Arm's-Length**
                    **Negotiations**
22

23          In addition to the above factors, the Court also must be satisfied that "the

24  settlement is not the product of collusion among the negotiating parties."  *In re*

25  *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).  Here,

26  there are no indicia of collusion. When negotiations began, Plaintiff had a clear view

27  of the strengths and weaknesses of her case and was in a strong position to make an

28  informed decision regarding the reasonableness of a potential settlement.  The

1    Parties engaged in extensive arm's length negotiations spanning several months.

2    Roberts Decl. ¶ 3.  There is no indication of collusion or fraud in the settlement

3    negotiations, and none exists.

4        **E.    The Proposed Notice is Appropriate**

5        "The court must direct notice in a reasonable manner to all Class Members

6    who would be bound by the proposal."  Fed. R. Civ. P. 23(c)(1).  Federal Rule of

7    Civil Procedure 23(c)(2) requires the Court to "direct to Class Members the best

8    notice that is practicable under the circumstances, including individual notice to all

9    members who can be identified through reasonable effort," although actual notice

10    is not required.  *Amchem*, 521 U.S. at 617; *Reppert v. Marvin Lumber & Cedar Co.*,

11    359 F.3d 53, 56 (1st Cir. 2004); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

12    "The standard for the adequacy of a settlement notice in a class action under either

13    the Due Process Clause or the Federal Rules is measured by reasonableness."  *Wal-*

14    *Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005), *cert. denied*,

15    544 U.S. 1044 (2005).  The best practicable notice is that which is "reasonably

16    calculated, under all the circumstances, to apprise interested parties of the pendency

17    of the action and afford them an opportunity to object."  *Mullane v. Cent. Hanover*

18    *Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Trotsky v. Los Angeles Fed. Sav. &*

19    *Loan Ass'n.*, 48 Cal. App. 3d 134, 151-52 (1975) (same); *Wershba v. Apple Comput.,*

20    *Inc.*, 91 Cal. App. 4th 224, 252 (2001) ("As a general rule, class notice must strike a

21    balance between thoroughness and the need to avoid unduly complicating the content

22    of the notice and confusing Class Members.").  The notice should provide sufficient

23    information to allow Class Members to decide whether they should accept the

24    benefits of the settlement, opt out and pursue their own remedies, or object to its

25    terms.  *See Wershba*, 91 Cal. App. 4th at 251-52.  "[N]otice is adequate if it may be

26    understood by the average class member."  *Warner v. Toyota Motor Sales, U.S.A.,*

27

28

*Inc.*, 2016 WL 8578913, at *14 (C.D. Cal. Dec. 2, 2016) (quoting 4 NEWBERG ON CLASS ACTIONS § 11:53, at p. 167 (4th ed. 2013)).

Subject to Court approval, the Parties have selected Simpluris as the Settlement Administrator. The notice program agreed to by the Parties and approved by Simpluris includes digital and physical mailings to all Settlement Class Members. This represents the best notice practicable, and less extensive notice has been approved by courts in this Circuit. *Noll v. eBay, Inc.*, 309 F.R.D. 593, 605 (N.D. Cal. 2015); *Stone v. Howard Johnson Int'l, Inc.*, 2015 WL 13648551, at *2 (C.D. Cal. June 15, 2015); *Abat v. Chase Bank USA, N.A.*, 2011 WL 13130637, at *6 (C.D. Cal. July 11, 2011). The Notice (**Settlement Agreement Ex. B-D**) is clear, precise, informative, and meets all of the necessary standards.  It includes information such as the case caption; a description of the Settlement Class; a detailed description of the Settlement's benefits and how to obtain them; a description of the claims and the history of the litigation; a description of the Settlement and the claims being released; the names of proposed Class Counsel; a statement of the maximum amount of attorneys' fees that will be sought by proposed Class Counsel; the amount proposed Class Counsel will seek for the Class Representative Service Award; the Final Approval Hearing date; a description of Settlement Class Members' opportunity to appear at the hearing; a statement of the procedures and deadlines for requesting exclusion and filing objections to the Settlement; and the manner in which to obtain further information.  This satisfies the notice required under Rule 23.  *See Collins v. Cargill Meat Sols. Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) ("A class action settlement notice 'is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citing *Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004)); s*ee also* Manual For Complex Litigation § 30.212 (4th ed. 2004) (Rule 23(c) notice designed to be a summary of the litigation and

settlement to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings).

The Notice Plan was reviewed and analyzed to ensure it meets the requisite due process requirements. Indeed, the program here is consistent with, and exceeds, other similar court-approved notice plans, the requirements of FRCP 23(c)(2)(B), and the Federal Judicial Center ("FJC") guidelines for adequate notice. As there is no alternative method of notice that would be more practicable here or more likely to notify Settlement Class Members, the proposed procedure for providing notice and the content of the Class Notice constitutes the best practicable notice to Settlement Class Members and complies with the requirements of due process.

### F. The Court Should Set Settlement Deadlines and Schedule a Final Approval Hearing

In connection with preliminary approval, the Court must set a Final Approval Hearing date, dates for mailing the Notices, and deadlines for objecting to the Settlement and filing papers in support of the Settlement. Plaintiff proposes the schedule set forth in the Notice of Motion, which the Parties believe will provide ample time and opportunity for Class Members to decide whether to request exclusion or object.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Motion be granted and the Court enter an order substantially in the form attached hereto: (1) notifying Settlement Class Members that the Court is likely to certify the proposed Settlement Class; (2) preliminarily approving the proposed class action Settlement; (3) appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel; (4) appointing the notice and Settlement Administrator; (5) approving the class Notice and related Settlement administration documents; and (6) approving the proposed class settlement administrative deadlines and procedures, including the

proposed Final Approval Hearing date and procedures regarding objections,

exclusions, and submitting Claim Forms.


Dated:  February 7, 2025          **BURSOR & FISHER, P.A**.

By:    */s/ L. Timothy Fisher*
                    L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorney for Plaintiff*