# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSY SAARLOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE COWBOY CHANNEL, LLC,<br><br>Defendant. | Case No. 5:24-cv-2058<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Hon. Kenly Kiya Kato |

1  WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the Settlement of this Action pursuant to the settlement agreement fully executed on or about February 3, 2025 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiff's Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement;

IT IS HEREBY **ORDERED** as follows:

1. Defined Terms.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Preliminary Approval of Settlement:  The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Approval Hearing described below.  The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, and that the proposed Settlement is not the result of any collusion.

3. Class Definition:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class: all persons in the United States who have or had a subscription to Cowboy Channel Plus on cowboychannelplus.com from September 25, 2022 through, and including, October 9, 2024.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which

1  the Defendant or its parents have a controlling interest and their current or former
2  officers, directors, agents, attorneys, and employees; (3) persons who properly
3  execute and file a timely request for exclusion from the class; and (4) the legal
4  representatives, successors or assigns of any such excluded persons.

5        4.    <u>Class Representative and Class Counsel</u>:  The Court preliminarily
6  appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.  The
7  Court preliminarily appoints Lindsy Saarloos as the Settlement Class
8  Representative.

9        5.    <u>Preliminary Class Certification for Settlement Purposes Only</u>:  The
10 Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23
11 criteria for certification of the Settlement Class exists in that: (a) the Settlement
12 Class is so numerous that joinder of all Settlement Class Members in the Action is
13 impracticable; (b) there are questions of law and fact common to the Settlement
14 Class that predominate over any individual questions; (c) the claims of the
15 Settlement Class Representative are typical of the claims of the Settlement Class;
16 (d) the Settlement Class Representative and Settlement Class Counsel have and will
17 continue to fairly and adequately represent and protect the interests of the
18 Settlement Class; and (e) a class action is superior to all other available methods for
19 the fair and efficient adjudication of the controversy.

20        6.    In addition, the Court finds that preliminary certification of the
21 Settlement Class is appropriate when balanced against the risks and delays of
22 further litigation. It appears that sufficient investigation and research have been
23 conducted such that the attorneys for the parties are reasonably able to evaluate the
24 benefits of Settlement, which will avoid substantial additional costs to the parties
25 and reduce delay and risks associated with this action.

26        7.    <u>Class Notice</u>:  The Court approves the form and content of the Claim
27 Form (Exhibit A to the Settlement Agreement) proposed Notice (Exhibits B to D to
28 the Settlement Agreement).  The Court further finds that the method of

dissemination of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitute the best notice practicable under the circumstances. The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement, Class Counsel's application for Fees and Expenses and service awards for the named Plaintiff-Settlement Class representative, the time, place and right to appear at the Final Approval Hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

8. No later than the date specified in Paragraph 20 below, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

9. <u>Administration</u>: The Court appoints Simpluris as the Settlement Claim Administrator ("Claim Administrator"). The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the settlement website, disseminating the Class Notice to the Settlement Class, the processing, review and determination of timely submitted and proper Claims under the Settlement, and the submission of

any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

10. <u>Exclusion from Class</u>.  A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by the Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

11. <u>Objections</u>:  Any Class Member who has not filed a timely written Request for Exclusion may object to the fairness, adequacy, or reasonableness of this Settlement Agreement or the Settlement, or to the requested award of attorneys' fees and expenses, or the Settlement Class Representative's service award.

12. Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, no later than the Objection Deadline set forth in Paragraph 20 below, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

13. Objections must be served on Plaintiff's Counsel and Defense Counsel as follows:

*Upon Plaintiff's Counsel at:*

L. Timothy Fisher
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Floor 9
Walnut Creek, California 94596
ltfisher@bursor.com

*Upon Defense Counsel at:*

Teresa Chow
**BAKER & HOLSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
tchow@bakerlaw.com

14. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or the Settlement Class Representative Service Award. To appear, the objecting Class Member must file with the Clerk of the Court and

serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Approval Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Class Member (or the objecting Class Member's counsel) intends to present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Approval Hearing.

15.   Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

16.   <u>Preliminary Injunction</u>.  All Class Members and/or their representative who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims.  In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a

pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17. <u>Termination of Settlement</u>. In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

   a. All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

   b. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

   c. Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendant or Plaintiff of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any action or proceeding, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

   d. Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the

claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

 e. Nothing in this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendant that the Action meets the requisites for certification as a class action under federal or California law; and

 f. All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in full force and effect.

18. **Alteration of Exhibits.** Plaintiff's Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

19. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

20. **Settlement Deadlines.** Based on the foregoing, the Court sets the schedule below for the Final Approval Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement | Date Ordered by Court |
|---|---|---|
| Notice shall be provided in accordance with the Notice Plan and this Order | Within 30 days of Preliminary Approval Order | |
| Class Counsel's Fee and Expenses Application and request for the Settlement Class Representative Service Award | Within 45 days of Notice Date | |
| Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards ("Objection Deadline") | Within 45 days of Notice Date | |
| Requests for Exclusion from the Settlement ("Opt-Out Deadline") | Within 45 days of Notice Date | |
| Plaintiff's Motion for Final Approval of the Settlement and response to any objections | 28 days before Final Approval Hearing | |
| Deadline to submit notices of appearance at the Final Approval Hearing | 28 days before Final Approval Hearing | |

| | | |
|---|---|---|
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 days before Final Approval Hearing | |
| Final Approval Hearing will be held at Courtroom 10C, Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701 or by video conference as determined by the Court | No earlier than 90 days after Notice | Date:<br><br>Time: |
| Award Issuance Date | Begins 14 days after Effective Date | |

DATED: _____    _____
                            The Honorable Kenly Kiya Kato
                            UNITED STATES DISTRICT JUDGE