1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11

LINDSY SAARLOOS, individually
and on behalf of all others similarly
situated,

                              Plaintiff,

        v.

THE COWBOY CHANNEL, LLC,

                              Defendant.

Case No. 5:24-cv-2058

**ORDER PRELIMINARILY
APPROVING CLASS ACTION
SETTLEMENT [DKT. 23]**

**[NOTE CHANGES BY COURT]**

Hon. Kenly Kiya Kato

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e)

2    of the Federal Rules of Civil Procedure, the parties seek entry of an order

3    preliminarily approving the Settlement of this Action pursuant to the settlement

4    agreement fully executed on or about February 3, 2025 (the "Settlement

5    Agreement"), which, together with its attached exhibits, sets forth the terms and

6    conditions for a proposed Settlement of the Action and dismissal of the Action with

7    prejudice; and

8    WHEREAS, the Court has read and considered the Settlement Agreement

9    and its exhibits, and Plaintiff's Memorandum in Support of Motion for Preliminary

10    Approval of Class Action Settlement, dkt. 23; the Court **GRANTS** the Motion and

11    certifies the Settlement Class for settlement purposes only.

12    THUS, IT IS HEREBY **ORDERED** as follows:

13    1.    Defined Terms.  This Order incorporates by reference the definitions

14    in the Settlement Agreement, and all terms used in this Order shall have the same

15    meanings as set forth in the Settlement Agreement.

16    2.    Preliminary Approval of Settlement:  The Court preliminarily

17    approves the Settlement Agreement, and its Settlement terms, as fair, reasonable

18    and adequate under Rule 23, subject to further consideration at the Final Approval

19    Hearing described below.  The Court also preliminarily finds that the Settlement

20    Agreement has been reached as a result of intensive, arm's-length negotiations of

21    disputed claims, and that the proposed Settlement is not the result of any collusion.

22    3.    Class Definition:  Pursuant to Rule 23 of the Federal Rules of Civil

23    Procedure, the Court preliminarily certifies, solely for purposes of effectuating the

24    Settlement Agreement, the following Settlement Class: all persons in the United

25    States who have or had a subscription to Cowboy Channel Plus on

26    cowboychannelplus.com from September 25, 2022 through, and including, October

27    9, 2024.  Excluded from the Settlement Class are (1) any Judge or Magistrate

28    presiding over this Action and members of their families; (2) the Defendant, its

1

1    subsidiaries, parent companies, successors, predecessors, and any entity in which

2    the Defendant or its parents have a controlling interest and their current or former

3    officers, directors, agents, attorneys, and employees; (3) persons who properly

4    execute and file a timely request for exclusion from the class; and (4) the legal

5    representatives, successors or assigns of any such excluded persons.

6        4.    Class Representative and Class Counsel:  The Court preliminarily

7    appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.  The

8    Court preliminarily appoints Lindsy Saarloos as the Settlement Class

9    Representative.

10       5.    Preliminary Class Certification for Settlement Purposes Only:  The

11   Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23

12   criteria for certification of the Settlement Class exists in that: (a) the Settlement

13   Class is so numerous that joinder of all Settlement Class Members in the Action is

14   impracticable; (b) there are questions of law and fact common to the Settlement

15   Class that predominate over any individual questions; (c) the claims of the

16   Settlement Class Representative are typical of the claims of the Settlement Class;

17   (d) the Settlement Class Representative and Settlement Class Counsel have and will

18   continue to fairly and adequately represent and protect the interests of the

19   Settlement Class; and (e) a class action is superior to all other available methods for

20   the fair and efficient adjudication of the controversy.

21       6.    In addition, the Court finds that preliminary certification of the

22   Settlement Class is appropriate when balanced against the risks and delays of

23   further litigation. It appears that sufficient investigation and research have been

24   conducted such that the attorneys for the parties are reasonably able to evaluate the

25   benefits of Settlement, which will avoid substantial additional costs to the parties

26   and reduce delay and risks associated with this action.

27       7.    Class Notice:  The Court approves the form and content of the Claim

28   Form (Exhibit A to the Settlement Agreement) proposed Notice (Exhibits B to D to

1   the Settlement Agreement).  The Court further finds that the method of

2   dissemination of the Settlement Class Notice, in the manner set forth in the

3   Settlement Agreement, as well as the establishment of a settlement website, satisfy

4   Rule 23, due process, and constitute the best notice practicable under the

5   circumstances.  The Notice Plan set forth in the Settlement Agreement is reasonably

6   calculated to apprise the Settlement Class of the pendency of the Action, the class

7   certification for settlement purposes only, the terms of the Settlement and benefits

8   afforded, the Settlement Class Members' rights including the right to opt-out of or

9   object to the Settlement and the deadlines and procedures for doing so, the deadline,

10  procedures and requirements for submitting a Claim for Reimbursement pursuant to

11  the Settlement, Class Counsel's application for Fees and Expenses and service

12  awards for the named Plaintiff-Settlement Class representative, the time, place and

13  right to appear at the Final Approval Hearing, and other pertinent information about

14  the Settlement and the Settlement Class Members' rights.  The Court authorizes the

15  Parties to make non-material modifications to the Settlement Class Notice and

16  Claim Form prior to mailing if they jointly agree that any such changes are

17  appropriate.

18         8.     No later than the date specified in Paragraph 20 below, the Settlement

19  Administrator shall provide notice to the Class pursuant to the terms of the

20  Agreement.  The Parties shall coordinate with the Settlement Administrator to

21  provide notice to the Class pursuant to the terms set forth therein.

22         9.     Administration:  The Court appoints Simpluris as the Settlement Claim

23  Administrator ("Claim Administrator"). The Claim Administrator is directed to

24  perform all settlement administration duties set forth in, and pursuant to the terms

25  and time periods of, the Settlement Agreement, including mailing of the CAFA

26  Notice, implementing and maintaining the settlement website, disseminating the

27  Class Notice to the Settlement Class, the processing, review and determination of

28  timely submitted and proper Claims under the Settlement, and the submission of

1  any declarations and other materials to counsel and the Court, as well as any other

2  duties required under the Settlement Agreement.

3      10.    Exclusion from Class.  A Settlement Class Member may request to be

4  excluded from the Settlement Class by sending a written request postmarked no

5  later than forty-five (45) days after the Notice Date and no sooner than fourteen

6  (14) days after papers supporting the Fee Award are filed with the Court and posted

7  to the settlement website.  To exercise the right to be excluded, a Person in the

8  Settlement Class must timely send a written request for exclusion to the Settlement

9  Administrator as specified in the Notice, providing his/her name and address, a

10  signature, the name and number of the case, and a statement that he or she wishes to

11  be excluded from the Settlement Class for purposes of this Settlement.  A request to

12  be excluded that does not include all of this information, or that is sent to an

13  address other than that designated in the Notice, or that is not postmarked within

14  the time specified, shall be invalid, and the Person(s) serving such a request shall be

15  a member(s) of the Settlement Class and shall be bound as a Settlement Class

16  Member.  Any member of the Settlement Class who validly elects to be excluded

17  from this Agreement shall not: (i) be bound by any orders or the Final Judgment;

18  (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by

19  virtue of this Agreement; or (iv) be entitled to object to any aspect of this

20  Agreement.  The request for exclusion must be personally signed by the Person

21  requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

22  To be valid, a request for exclusion must be postmarked or received by the date

23  specified in the Notice.

24      11.    Objections:  Any Class Member who has not filed a timely written

25  Request for Exclusion may object to the fairness, adequacy, or reasonableness of

26  this Settlement Agreement or the Settlement, or to the requested award of attorneys'

27  fees and expenses, or the Settlement Class Representative's service award.

28

12.     Any Settlement Class Member who intends to object to this

Agreement must present the objection in writing, no later than the Objection

Deadline set forth in Paragraph 20 below, which must be personally signed by the

objector, and must include: (1) the objector's name and address; (2) an explanation

of the basis upon which the objector claims to be a Settlement Class Member;

(3) all grounds for the objection, including all citations to legal authority and

evidence supporting the objection; (4) the name and contact information of any and

all attorneys representing, advising, or in any way assisting the objector in

connection with the preparation or submission of the objection or who may profit

from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement

indicating whether the objector intends to appear at the Final Approval Hearing

(either personally or through counsel who files an appearance with the Court in

accordance with the Local Rules).

13.     Objections must be served on Plaintiff's Counsel and Defense Counsel

as follows:

> *Upon Plaintiff's Counsel at:*
>
> L. Timothy Fisher
> **BURSOR & FISHER, P.A.**
> 1990 North California Blvd., Floor 9
> Walnut Creek, California 94596
> ltfisher@bursor.com
>
> *Upon Defense Counsel at:*
>
> Teresa Chow
> **BAKER & HOLSTETLER LLP**
> 1900 Avenue of the Stars, Suite 2700
> Los Angeles, CA 90067-4301
> tchow@bakerlaw.com

14.     Any objecting Class Member may appear, in person or by counsel, at

the Final Approval Hearing to explain why the proposed Settlement should not be

approved as fair, reasonable and adequate, or to object to any motion for Class

Counsel Fees and Expenses or the Settlement Class Representative Service Award.

To appear, the objecting Class Member must file with the Clerk of the Court and

1   serve upon all counsel designated in the Class Notice, a Notice of Intention to

2   Appear at the Final Approval Hearing. The Notice of Intention to Appear must

3   include copies of any papers, exhibits or other evidence and the identity of

4   witnesses that the objecting Class Member (or the objecting Class Member's

5   counsel) intends to present to the Court in connection with the Final Approval

6   Hearing. Any Class Member who does not provide a Notice of Intention to Appear

7   in accordance with the deadline and other requirements set forth in this Settlement

8   Agreement and Class Notice shall be deemed to have waived any right to appear, in

9   person or by counsel, at the Final Approval Hearing.

10          15.     Any Settlement Class Member who has not properly filed a timely

11   objection in accordance with the deadline and requirements set forth in this Order

12   and Class Notice shall be deemed to have waived any objections to the Settlement

13   and any adjudication or review of the Settlement Agreement by appeal or

14   otherwise.

15          16.     Preliminary Injunction. All Class Members and/or their representative

16   who do not timely and properly exclude themselves from the Class are barred and

17   enjoined from directly, indirectly, derivatively, in a representative capacity, or in

18   any other capacity filing, commencing, prosecuting, maintaining, intervening in,

19   participating in, conducting, or continuing any action in any forum (state or federal)

20   as individuals, class members, putative class members, or otherwise against the

21   Released Parties (as defined in the Agreement) in any court or tribunal asserting

22   any of the Released Claims (as defined in the Agreement), and/or from receiving

23   any benefits from any lawsuit, administrative or regulatory proceeding, or order in

24   any jurisdiction, arising out of, based on, or relating to the Released Claims. In

25   addition, all such persons are hereby barred and enjoined from filing, commencing,

26   or prosecuting a lawsuit against Defendant (or against any of its related parties,

27   parents, subsidiaries, or affiliates) as a class action, a separate class, or group for

28   purposes of pursuing a putative class action (including by seeking to amend a

1   pending complaint to include class allegations or by seeking class certification in a

2   pending action in any jurisdiction) on behalf of Class Members who do not timely

3   exclude themselves from the Class, arising out of, based on, or relating to the

4   Released Claims.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that

5   issuance of this preliminary injunction is necessary and appropriate in aid of the

6   Court's continuing jurisdiction and authority over the Action.

7            17.    Termination of Settlement.  In the event the Court does not grant final

8   approval to the Settlement, or for any reason the parties fail to obtain a Final Order

9   and Final Judgment as contemplated in the Agreement, or the Agreement is

10  terminated pursuant to its terms for any reason or the Effective Date does not occur

11  for any reason, then the following shall apply:

12           a.  All orders and findings entered in connection with the Agreement shall

13               become null and void and have no force and effect whatsoever, shall

14               not be used or referred to for any purposes whatsoever, and shall not

15               be admissible or discoverable in this or any other proceeding;

16           b.  The conditional certification of the Class pursuant to this Order shall

17               be vacated automatically, and the Action shall proceed as though the

18               Class had never been certified pursuant to this Agreement and such

19               findings had never been made;

20           c.  Nothing contained in this Order is, or may be construed as, a

21               presumption, concession, or admission by or against Defendant or

22               Plaintiff of any default, liability, or wrongdoing as to any facts or

23               claims alleged or asserted in the Action, or in any action or

24               proceeding, whether civil, criminal, or administrative, including, but

25               not limited to, factual or legal matters relating to any effort to certify

26               the Action as a class action;

27           d.  Nothing in this Order or pertaining to the Agreement, including any of

28               the documents or statements generated or received pursuant to the

claims administration process, shall be used as evidence in any further

proceedings in this case, including, but not limited to, motions or

proceedings seeking treatment of the Action as a class action;

    e.  Nothing in this Order or pertaining to the Agreement is, or may be

construed as, a presumption, concession, or admission by or against

Defendant that the Action meets the requisites for certification as a

class action under federal or California law; and

    f.  All of the Court's prior Orders having nothing whatsoever to do with

the Settlement shall, subject to this Order, remain in full force and

effect.

18.   Alteration of Exhibits.  Plaintiff's Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

19.   Retaining Jurisdiction.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

20.   Settlement Deadlines.  Based on the foregoing, the Court sets the schedule below for the Final Approval Hearing and the actions which must precede it.  If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day.  These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.  Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement | Date Ordered by Court |
|---|---|---|
| Notice shall be provided in accordance with the Notice Plan and this Order | Within 30 days of Preliminary Approval Order | April 28, 2025 |
| Class Counsel's Fee and Expenses Application and request for the Settlement Class Representative Service Award | Within 45 days of Notice Date | May 22, 2025 |
| Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards ("Objection Deadline") | Within 45 days of Notice Date | June 12, 2025 |
| Requests for Exclusion from the Settlement ("Opt-Out Deadline") | Within 45 days of Notice Date | June 12, 2025 |
| Plaintiff's Motion for Final Approval of the Settlement and response to any objections | 28 days before Final Approval Hearing | July 10, 2025 |
| Deadline to submit notices of appearance at the Final Approval Hearing | 28 days before Final Approval Hearing | July 10, 2025 |

| | | |
|---|---|---|
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 days before Final Approval Hearing | July 28, 2025 |
| Final Approval Hearing will be held at the George E. Brown, Jr. United States Courthouse, located at 3470 Twelfth Street, Riverside, California, 92501, in Courtroom Three or by video conference as determined by the Court | No earlier than 90 days after Notice | Date: August 7, 2025<br><br>Time: 10:00 a.m. |
| Award Issuance Date | Begins 14 days after Effective Date | 14 days after the Court enters judgment |

DATED: March 28, 2025 _____

_____

The Honorable Kenly Kiya Kato
UNITED STATES DISTRICT JUDGE

10