1  **BURSOR & FISHER, P.A.**
2  L. Timothy Fisher (State Bar No. 191626)
   1990 North California Blvd., 9th Floor
3  Walnut Creek, CA 94596
   Telephone: (925) 300-4455
4  Facsimile: (925) 407-2700
   E-mail: ltfisher@bursor.com
5
6  **BURSOR & FISHER, P.A.**
7  Max S. Roberts (*Pro Hac Vice*)
   1330 Avenue of the Americas, 32nd Floor
8  New York, NY 10019
   Telephone: (646) 837-7150
9  Facsimile: (212) 989-9163
   E-mail: mroberts@bursor.com
10
11 *Class Counsel*
12
13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15
16 | LINDSY SAARLOOS, individually and on behalf of all others similarly situated, | Case No. 5:24-cv-02058-KK-SP |
17 |  | **PLAINTIFF'S NOTICE OF** |
18 |                                Plaintiff, | **MOTION AND MOTION FOR** |
   |        v. | **FINAL APPROVAL OF CLASS** |
19 |  | **ACTION SETTLEMENT;** |
   | THE COWBOY CHANNEL, LLC, | **MEMORANDUM OF POINTS** |
20 |  | **AND AUTHORITIES IN SUPPORT** |
21 |                                Defendant. |  |
   |  | Date:  August 7, 2025 |
22 |  | Time:  9:30 a.m. |
23 |  | Courtroom:  3 |
   |  | Judge:  Hon. Kenly Kiya Kato |
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 7, 2025 at 10:00 a.m., in Courtroom 3 of the above-captioned Court before the Honorable Kenly Kiya Kato, Plaintiff Lindsy Saarloos ("Plaintiff"), by and through Class Counsel, will move and hereby does move, pursuant to Fed. R. Civ. P. 23(h), for entry of the [Proposed] Order Granting Final Approval of Class Action Settlement. This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Max S. Roberts in Support of Plaintiff's Motion for Final Approval; the prior Declaration of Max S. Roberts In Support of Plaintiff's Motion for Attorneys' Fees (ECF No. 31-1); the Declaration of Amy Lechner; and such evidence and argument as the Court may consider at any hearing on this motion.

Dated: July 10, 2025                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Class Counsel*

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ......................................................................................... 1

BACKGROUND AND SETTLEMENT TERMS .................................... 2

ARGUMENT .............................................................................................. 2

I.    CERTIFICATION   OF   THE   SETTLEMENT   CLASS   IS
      APPROPRIATE   AS   THE   COURT   FOUND   AT   PRELIMINARY
      APPROVAL ........................................................................................ 2

II.   FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE .............. 3

      A.    The *Hanlon* Factors Weigh In Favor Of Final Approval....................... 3

            1.    The Strength Of Plaintiff's Case ................................. 3

            2.    The Risk Of Continuing Litigation.............................. 5

            3.    The Risk Of Maintaining Class Action Status ........................... 6

            4.    The   Settlement   Provides   Excellent   Relief   To   The
                  Class .............................................................. 6

            5.    The Extent Of Discovery ............................................ 8

            6.    The Views Of Experienced Counsel Support Granting
                  Final Settlement Approval ....................................... 8

            7.    The   Response   Of   Class   Members   Has   Been
                  Overwhelmingly Positive ......................................... 9

      A.    The   Rule   23(e)(2)   Factors   Weigh   In   Favor   Of   Final
            Approval......................................................................... 9

            1.    The Class Representative And Class Counsel Have
                  Adequately Represented The Class ........................... 9

            2.    The Settlement Was Negotiated At Arm's Length.................... 10

            3.    The   Settlement   Provides   Adequate   Relief   To   The
                  Class .............................................................. 11

4.    The Settlement Treats All Class Members Equally ................... 12

III.    THE NOTICE PLAN IS ADEQUATE ........................................................... 12

IV.    CLASS    COUNSEL    REQUESTS    REIMBURSEMENT    FOR
ADDITIONAL COSTS AND EXPENSES ...................................................... 14

CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alvarez v. Sirius XM Radio Inc.*,
  2020 WL 7314793 (C.D. Cal. July 15, 2020) ........................................................ 11

*Arreola v. Shamrock Foods Co.*,
  2021 WL 4220630 (C.D. Cal. Sept. 16, 2021) ........................................................ 9

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015) ............................................................................ 2

*Boyd v. Avanquest N. Am. Inc.*,
  2015 WL 4396137 (N.D. Cal. July 17, 2015) ........................................................ 12

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................ 8

*Carter v. XPO Logistics, Inc.*,
  2019 WL 5295125 (N.D. Cal. Oct. 18, 2019) ........................................................ 7

*Ching v. Siemens Indus., Inc.*,
  2014 WL 2926210 (N.D. Cal. June 27, 2014) ........................................................ 5

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................................................................ 3

*Cmty. Res. for Indep. Living v. Mobility Works of California, LLC*,
  533 F. Supp. 3d 881 (N.D. Cal. 2020) .................................................................... 9

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) .................................................................................. 4

*Garner v. State Farm. Mut. Auto. Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ................................................... 4, 10

*Ghanaat v. Numerade Labs, Inc.*,
  689 F. Supp. 3d 714 (N.D. Cal. 2023) .................................................................... 4

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................ 3

*In re California Pizza Kitchen Data Breach Litig.*,
 129 F.4th 667 (9th Cir. 2025)................................................................3, 5

*In re Extreme Networks, Inc. Sec. Litig.*,
 2019 WL 3290770 (N.D. Cal. July 22, 2019).......................................12

*In re Hulu Privacy Litig.*,
 86 F. Supp. 3d 1090 (N.D. Cal. 2015) ...................................................4

*In re Hulu Privacy Litig.*,
 2014 WL 2758598 (N.D. Cal. June 17, 2014) .......................................4

*In re Mego Fin. Corp. Sec. Litig.*,
 213 F.3d 454 (9th Cir. 2000)...................................................................8

*In re Netflix Privacy Litig.*,
 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013).....................................2, 7

*In re Omnivision Techs., Inc.*,
 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................8

*In re Pac. Enters. Sec. Litig.*,
 47 F.3d 373 (9th Cir. 1995)...................................................................10

*Jancik v. WebMD LLC*,
 2025 WL 560705 (N.D. Ga. Feb. 20, 2025) ..........................................4

*Knapp v. Art.com, Inc.*,
 283 F. Supp. 3d 823 (N.D. Cal. 2017) ...................................................6

*Lane v. Facebook, Inc.*,
 696 F.3d 811 (9th Cir. 2012)...................................................................7

*Larsen v. Trader Joe's Co.*,
 2014 WL 3404531 (N.D. Cal. July 11, 2014)......................................5, 6

*Linney v. Cellular Alaska P'ship*,
 151 F.3d 1234 (9th Cir. 1998).................................................................7

*Martinez v. D2C, LLC*,
 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024)............................................4

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
 221 F.R.D. 523 (C.D. Cal. 2004) ....................................................5, 6, 7

*Officers for Justice v. Civil Service Commission of City and Cnty. Of San Francisco*,
   688 F.2d 615 (9th Cir. 1982)................................................................3, 6

*Perks v. Activehours, Inc.*,
   2021 WL 1146038 (N.D. Cal. Mar. 25, 2021)..................................10, 12

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)....................................................................6

*Solomon v. Flipps Media, Inc.*,
   136 F.4th 41 (2d Cir. 2025).....................................................................4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)...................................................................2

*Therrien v. Hearst Television, Inc.*,
   2025 WL 509454 (D. Mass. Feb. 14, 2025)............................................4

*Therrien v. Hearst Television, Inc.*,
   2025 WL 1208535 (D. Mass. Apr. 25, 2025)..........................................4

*Torchia v. W.W. Grainger, Inc.*,
   304 F.R.D. 256 (E.D. Cal. 2014).............................................................9

*Wakefield v. ViSalus, Inc.*,
   51 F.4th 1109 (9th Cir. 2022)..................................................................7

**STATUTES**

18 U.S.C. § 2710(c)(2)(A).............................................................................7

**RULES**

Fed. R. Civ. P. 23.................................................................................passim

**OTHER AUTHORITIES**

ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 11.41 (4th
   ed. 2002)..............................................................................................3

# **INTRODUCTION**

On March 28, 2025, this Court preliminarily approved the Class Action Settlement between Lindsy Saarloos ("Plaintiff") and Defendant The Cowboy Channel, LLC ("Defendant"), and directed that notice shall be sent to the Settlement Class. *See* Order Preliminarily Approving Class Action Settlement, ECF No. 30.[1] The settlement administrator, Simpluris, has implemented the Court-approved notice plan, and notice has reached at least 82.72% of Settlement Class Members, far surpassing the requisite 70%. *See* Lechner Decl. ¶ 18.

The reaction from the Settlement Class has been overwhelmingly positive. Namely, after sending direct notice successfully to approximately 108,000 Settlement Class Members via e-mail, and 4,817 by physical mail, there were 4,011 valid claims submitted, *zero* requests for exclusion, and *zero* objections.[2] *See* Lechner Decl. ¶¶ 9-14, 22-23, 25, 26. And those Settlement Class Members who made a claim will receive at least $170 in compensation. *Id.* ¶ 28.

By contrast, VPPA claims like those here are not only complicated, but substantially risky. Indeed, the majority of these claims to reach class certification have been denied and zero VPPA claims have survived summary judgment. Especially given those odds, the recovery for Settlement Class Members here is remarkable.

In all, this is an excellent deal. The Court should have no hesitation in granting Final Approval.

---

[1] For consistency, all definitions are incorporated by reference from, to construe the same meanings as, the definitions in Plaintiffs' Motion for Attorneys' Fees and the accompanying Declaration of Max S. Roberts, and the Exhibits attached therein. *See* ECF No. 31-1.

[2] The deadline to object or opt-out of the Settlement was June 12, 2025. *See* Order Preliminarily Approving Class Action Settlement (ECF No. 30).

## **BACKGROUND AND SETTLEMENT TERMS**

The factual and procedural background of this matter, including the key terms of the Settlement Agreement, are discussed in the Declaration of Max S. Roberts In Support of Plaintiff's Motion for Attorneys' Fees.  *See* ECF No. 31-1 ¶¶ 3-12.

## **ARGUMENT**

### I.  **CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE AS THE COURT FOUND AT PRELIMINARY APPROVAL**

"[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Here, the Court's Preliminary Approval Order provisionally certified a Class for settlement purposes, defined as: "[a]ll persons in the United States who have or had a subscription to Cowboy Channel Plus on cowboychannelplus.com from September 25, 2022 through, and including, October 9, 2024" (the "Settlement Class").  ECF No. 30 ¶ 3.  No substantive changes have occurred since that finding, and, more importantly, no objections have challenged that conclusion.  The Court may therefore rely on the same rationale as explained in the preliminary approval order to find that class certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3) in connection with final approval.  *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *3 (N.D. Cal. Mar. 18, 2013) ("Because the Objections do not appear to raise a viable challenge to th[e] conclusion [that certification of a settlement class is appropriate], the Court will rely on the rationale for class certification as explained in the Preliminary Approval Order."); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 253 (N.D. Cal. 2015) (certifying class at final approval where "the Court found that the putative class satisfied the … requirements of Rule 23(a)" for preliminary approval and "[t]he Court is unaware of any changes that would alter its analysis") (cleaned up).

## II.    FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

"[S]trong judicial policy [] favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

In evaluating a class action settlement, courts in the Ninth Circuit consider the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (the "*Hanlon* factors"): (1) "the strength of the plaintiff's case;" (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed and the stage of the proceedings;" (6) "the experience and views of counsel;" (7) "the presence of a governmental participant;" and (8) "the reaction of the class members of the proposed settlement." *Hanlon*, 150 F.3d at 1026

In addition to these factors, courts also consider the four enumerated factors in Federal Rule of Civil Procedure Rule 23(e)(2). There is significant overlap between the Rule 23(e)(2) and *Hanlon* factors, which complement rather than displace each other. *See In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025) ("*In re CPK*") ("The key *Hanlon* factors are now baked into the text of Rule 23(e), and the remaining ones can still be considered for Rule 23(e)(2) analysis."

### A.    The *Hanlon* Factors Weigh In Favor Of Final Approval

#### 1.    The Strength Of Plaintiff's Case

In determining the likelihood of a plaintiff's success on the merits of a class action, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice v. Civil Service Commission of City and Cnty. Of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (cleaned up). The Court may "presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering

Plaintiff's likelihood of recovery." *Garner v. State Farm. Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010) (cleaned up).

As set forth in her Motion for Attorneys' Fees (ECF No. 31), while Plaintiff believes she would likely prevail on her claims, she is also aware of the serious risks inherent in her claims. Few VPPA cases have made it to class certification, and courts that have adjudicated these cases have largely denied class certification. *Compare Jancik v. WebMD LLC*, 2025 WL 560705 (N.D. Ga. Feb. 20, 2025) (granting class certification of a VPPA claim); *with Martinez v. D2C, LLC*, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024) (denying class certification of a VPPA claim); *In re Hulu Privacy Litig.*, 2014 WL 2758598 (N.D. Cal. June 17, 2014) (same); *Therrien v. Hearst Television, Inc.*, 2025 WL 509454 (D. Mass. Feb. 14, 2025) (same). And no VPPA claim has made it past summary judgment. *In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090 (N.D. Cal. 2015) (granting summary judgment for defendant on VPPA claim); *Therrien v. Hearst Television, Inc.*, 2025 WL 1208535 (D. Mass. Apr. 25, 2025) (same).

In addition, the Second Circuit recently held in an issue of first impression that a Facebook ID and URL string sent to Facebook were not "personally identifiable information" within the meaning of the VPPA. *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). Those are among the identifiers Plaintiff alleges are at issue here. Compl. ¶¶ 27-28. To be sure, most district courts, including those in California, have come to the opposite conclusion. *Ghanaat v. Numerade Labs, Inc.*, 689 F. Supp. 3d 714, 720 (N.D. Cal. 2023) ("Most, if not all, courts to address the question have found at the pleading stage that Facebook IDs are PII."). And the Ninth Circuit has implied it agrees with that reasoning. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017) ("A Facebook link … may very well readily enable an 'ordinary person' to identify an individual."). Still, it is unclear whether the pendulum may begin to swing in the other direction in the wake of *Solomon*.

All this is to say, while Plaintiff believes she will succeed at later stages of this

stage, when considering the "vagaries of litigation," the "significance of immediate recovery by way of the [proposed] compromise" is much preferable "to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). This is especially true given the significant risks Plaintiff faces here.  In such circumstances, courts have held it is "proper to take the bird in hand instead of a prospective flock in the bush." *Id.* (cleaned up).  Indeed, "settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal."  *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014); *see id.* ("Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as the Court.").

Moreover, approval would allow Plaintiff and the Settlement Class Members to receive meaningful and significant payments now, instead of years from now or never. As the Ninth Circuit has held, "[a]n early settlement may often be beneficial for the class, as it reduces attorneys' fees, preserves value for the class, and offers immediate compensation for injured class members." *In re CPK*, 129 F.4th at 678.

Thus, this factor weighs in favor of Final Approval.

### 2.    The Risk Of Continuing Litigation

"[S]ettlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal."  *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) (cleaned up).  As set forth above, few VPPA cases have survived class certification, none have survived summary judgment, and the law surrounding these issues is constantly evolving.  Argument § III.A.1, *supra*.  This is on top of the normal risks that common with class litigation, including but not limited to the prospect of appellate review of any class certification orders (or decertification), complex and costly expert testimony on both class and merits issues, and any recovery for the Class being tied up for years in appellate review following even a successful trial victory.

Against these odds, Plaintiff and her counsel prosecuted this case on a contingency-fee basis and incurred sizable costs to investigate the transmission of allegedly personal information on Defendant's Website. Compl. ¶ 20 (discussing "dynamic analysis of the Website" commissioned by Class Counsel). And Plaintiff and her counsel delivered, securing at least $170 per Class Member in relief for those who made claims. *See* Lechner Decl. ¶ 28.

"Accordingly, the high risk, expense, and complex nature of the case weigh in favor of approving the settlement." *Larsen*, 2014 WL 3404531, at *4 (cleaned up).

### 3.    The Risk Of Maintaining Class Action Status

In addition to the risks of continuing the litigation, Plaintiff would also face risks in certifying the class. As noted above, courts have largely denied class certification of VPPA claims. *See* Argument § III.A, *supra*. The Settlement eliminates these risks, expenses, and delay, and this factor therefore weighs in favor of settlement.

### 4.    The Settlement Provides Excellent Relief To The Class

The determination of "the fairness, adequacy, and reasonableness of the amount offered in settlement is not a matter of applying a 'particular formula.'" *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)). Instead, the Court's analysis of whether a settlement amount is reasonable is "an amalgam of delicate balancing, gross approximations, and rough justice." *Id.* In assessing the consideration available to Class Members in a proposed Settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *DIRECTV, Inc.*, 221 F.R.D. at 527 (quoting *Officers for Justice*, 688 F.2d at 628). Because a settlement provides certain and immediate recovery, courts often approve settlements even where the benefits obtained as a result of the settlement are less than those originally sought. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery

that might be available to the class members at trial." *Id.* (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

In this case, a one million dollar ($1,000,000) non-reversionary Settlement Fund has been created from which all Settlement Class Members are entitled to a *pro rata* share. Settlement ¶ 2.1(a)-(b). As of July 3, 2025, 4,011 valid claim forms have been received. *See* Lechner Decl. ¶ 26. At the current claims rate, assuming that attorneys' fees, costs, and expenses, and the service award are approved in full, Class Counsel estimates each Settlement Class Member providing a valid claim form will be entitled to a *pro rata* portion of at least $170. Lechner Decl. ¶ 28.

This is an excellent recovery and is comparatively superior to other privacy settlements under the VPPA or its state-law analogs, some of which have provided zero monetary recovery for class members. *Stark et al. v. Patreon, Inc.*, Case No. 3:22-cv-3131, ECF No. 192 (N.D. Cal. Sept. 23, 2024) (granting preliminary approval to VPPA settlement with recovery of $6.04 per class member); *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *1 (approving VPPA settlement where balance of settlement proceeds, after payment of attorneys' fees and settlement administration expenses, went to *cy pres* rather than to class members); *Lane v. Facebook, Inc.*, 696 F.3d 811, 817 (9th Cir. 2012) (same). And it is especially excellent given that, while the VPPA allows for liquidated damages of $2,500 (18 U.S.C. § 2710(c)(2)(A)), such statutory damages are potentially subject to reduction on Due Process grounds. *See*, *e.g.*, *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1125 (9th Cir. 2022) (vacating award of statutory damages).

Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the proposed Settlement is more than reasonable. *See Carter v. XPO Logistics, Inc.*, 2019 WL 5295125, at *3 (N.D. Cal. Oct. 18, 2019) ("The amount of the settlement is fair, adequate and reasonable given the risks of continued litigation.").

### 5. The Extent Of Discovery

Under this factor, courts evaluate whether Class Counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Plaintiff, by and through her counsel, conducted extensive research and investigation during the prosecution of the Action, including commissioning a dynamic analysis of Defendant's Website. Compl. ¶ 20. The Parties also engaged in informal discovery, including on issues such as the size and scope of the punitive class. *See* ECF No. 31-1 ¶ 5. And Class Counsel's extensive experience litigating other VPPA claims has given them a strong handle on the strengths and weaknesses of any particular VPPA case. *Id.* ¶ 24. Thus, the proposed Settlement is the result of fully informed negotiations.

### 6. The Views Of Experienced Counsel Support Granting Final Settlement Approval

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) ("*Betchel Corp.*"); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (same). Deference to Class Counsel's evaluation of the Settlement is appropriate because "[a]ttorneys, having an intimate familiarity with a lawsuit after spending years in litigation, are in the best position to evaluate the action, and the Court should not without good cause substitute its judgment for theirs." *Betchel Corp.*, 485 F. Supp. at 622. Here, the Settlement was negotiated by counsel with extensive experience in consumer class action litigation. *See* ECF No. 31-1 ¶ 24; ECF No. 31-3 (Firm Resume of Bursor & Fisher, P.A). Based on their experience, Class Counsel concluded that the Settlement provides exceptional results for the Class while sparing the Class from the uncertainties of continued and protracted litigation.

### 7. The Response Of Class Members Has Been Overwhelmingly Positive

The objection and opt-out deadlines lapsed on June 12, 2025. To date, not a single Class Member objected to the Settlement, and no Class Members opted out. *See* Lechner Decl. ¶ 23. Such an overwhelmingly positive response from Class Members strongly supports final approval. *Cmty. Res. for Indep. Living v. Mobility Works of California, LLC*, 533 F. Supp. 3d 881, 889 (N.D. Cal. 2020) ("No objections have been submitted. The absence of a negative reaction weighs in favor of approval.") (cleaned up); *Torchia v. W.W. Grainger, Inc.*, 304 F.R.D. 256, 270 (E.D. Cal. 2014) ("Significantly, no objections were filed by Class Members following service of the Class Notice Packet. … Therefore, this factor weighs in favor of the Settlement.") (internal citation omitted); *Arreola v. Shamrock Foods Co.*, 2021 WL 4220630, at *5 (C.D. Cal. Sept. 16, 2021) ("[N]one [of the settlement class members] objected or opted out. A low proportion of opts outs and objections 'indicates that the class generally approves of the settlement.' Therefore, this factor weighs in favor of final approval.") (citations omitted).

### A. The Rule 23(e)(2) Factors Weigh In Favor Of Final Approval

#### 1. The Class Representative And Class Counsel Have Adequately Represented The Class

As the Court already found at Preliminary Approval, "the Settlement Class Representative and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class." ECF No. 30 ¶ 2. There is no reason to deviate from that conclusion. Ms. Saarloos averred as to the work she did in this case on behalf of the Settlement Class, including but not limited to providing the details of her experience with Defendant to Class Counsel, working with Class Counsel to prepare the Complaint, and keeping abreast of developments in the litigation and settlement negotiations. ECF No. 31-15 ¶¶ 2-7. Likewise, Class Counsel devoted substantial time and expense to this matter, including

commission a dynamic analysis and negotiating the Settlement. ECF No. 31-1 ¶¶ 27, 30, 38. Those efforts led to a recovery of at least $170 per Settlement Class Member. Lechner Decl. ¶ 28. And Class Counsel is sufficiently experienced in class action litigation and privacy litigation in particular. ECF No. 31-1 ¶¶ 23-26.

Accordingly, this factor weighs in favor of Final Approval.

### 2.    *The Settlement Was Negotiated At Arm's Length*

In evaluating the adequacy of a proposed settlement under Rule 23(e)(2), particular attention should be paid to the process of settlement negotiations. When a class settlement is reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation, there is a presumption that the settlement is fair and reasonable. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *Garner*, 2010 WL 1687832, at *9.

Here, counsel for both Plaintiff and Defendants are experienced in class action litigation and engaged in protracted settlement discussions before reaching the Settlement. *See* ECF No. 31-1 ¶¶ 3-8. In other words, the negotiations were conducted at arm's length, non-collusive, well-informed (in that they were conducted after an assessment of the strengths and weaknesses of the claims on both sides), conducted between counsel on both sides with significant class action experience, and utilized at the appropriate time the assistance of experienced counsel. *Id*. Under such circumstances, the proposed Settlement is entitled to a presumption of reasonableness, and the Court is entitled to rely upon counsel's opinions and assessments. *See Perks v. Activehours, Inc.*, 2021 WL 1146038, at *5 (N.D. Cal. Mar. 25, 2021) ("[T]he Court found that Class Counsel have substantial experience in litigating and settling consumer class actions. Despite the relatively early stage of the litigation, Class Counsel obtained sufficient information to make an informed decision about the Settlement and about the legal and factual risks of the case."). Accordingly, the second Rule 23(e)(2) factor has been met.

### 3.    The Settlement Provides Adequate Relief To The Class

Whether relief is adequate, the Court takes into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."  Rule 23(e)(2)(C)(i-iv).  These factors subsume several *Hanlon* factors including: "the risk, expense, complexity, and likely duration of further litigation" (*Hanlon* Factor 2); "the risk of maintaining class action status throughout the trial" (*Hanlon* Factor 3); and "the amount offered in settlement" (*Hanlon* Factor 4).  As noted above, the Settlement has met each of the *Hanlon* factors.  *See* Argument §§ III.A.1-4, *supra*.

As to "the effectiveness of any proposed method of distributing relief to the class," it is "important for the [C]ourt to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims."  *Alvarez v. Sirius XM Radio Inc.*, 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020) (citing Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes).  "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding."  *Id*.  Here, under the terms of the Settlement, Settlement Class Members with a Valid Claim are entitled to a "*pro rata* portion of the Settlement Fund." Settlement § 2.1(b).  The Court should find that "this process is not unduly demanding, and that the proposed method of distributing relief to the Class is effective."  *Alvarez*, 2020 WL 7314793, at *6.

Next, as to "the terms of any proposed award of attorney's fees," Class Counsel have applied for the recovery of attorneys' fees, costs, and expenses in the amount of $250,000, which constitutes 25% of the total value of the Settlement.  *See* ECF No. 31.  That request is more than reasonable for the reasons set forth in the Motion for Attorneys' Fees.  *See generally id*.

Finally, there are no agreements between Plaintiff, Class Counsel, and Defendant other than the Settlement.  Roberts Decl. ¶ 4.

The Settlement therefore provides adequate relief to the Class under Rule 23(e)(2)(C), and the requested attorneys' fees are reasonable in relation to such relief.

### 4.    The Settlement Treats All Class Members Equally

"The final Rule 23(e)(2) factor is whether 'the proposal treats class members equitably relative to each other.'"  *Perks*, 2021 WL 1146038, at *6 (citing Fed. R. Civ. P. 23(e)(2)(D)).  In assessing this factor, "the Court considers whether the proposal improperly grants preferential treatment to class representatives or segments of the class."  *Id.* (cleaned up).

Courts in this Circuit have found that allocating settlement benefits to Settlement Class Members on a *pro rata* basis is equitable.  *See Perks*, 2021 WL 1146038, at *6 ("This *pro rata* distribution is inherently equitable because it treats Class Members fairly based on the amount of each member's potential damages."); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8 (N.D. Cal. July 22, 2019) (finding *pro rata* distribution equitable); *Boyd v. Avanquest N. Am. Inc.*, 2015 WL 4396137, at *3 (N.D. Cal. July 17, 2015)  ("[T]he proposed settlement agreement 'does not improperly grant preferential treatment to class representatives or segments of the class[]' because all class members are treated in the same way and there is no difference in treatment throughout the class.") (internal citations omitted).  Thus, this factor also weighs in favor of granting approval.

## III.    THE NOTICE PLAN IS ADEQUATE

Before final approval can be granted, due process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Such notice to class members must be reasonably calculated under the circumstances to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present

their objections. *See* Fed. R. Civ. P. 23(e)(1). The notice must clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B). The Federal Judicial Center notes that a notice plan is reasonable if it reaches at least 70% of the class. *See* Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010).

Here, Defendant provided Simpluris with a list containing the names, email addresses, and status of a total of 133,119 potential Settlement Class Members. *See* Lechner Decl. ¶ 6. Simpluris emailed 123,437 notices to Settlement Class Members (covering 123,416 Settlement Class Members with one e-mail address and 21 Settlement Class Members with more than one valid email address), of which 15,416 emails bounced back as undeliverable. *Id.* ¶¶ 9-11. Simpluris then mailed out 4,817 notices to Settlement Class Members whose emails bounced back and for which it had a valid address on file. *Id.* ¶¶ 13-14. The Notice Forms, as approved by the Court, advised Settlement Class Members of their rights and options under the Settlement, the amount of the Settlement Fund and the plan of allocation, and the requested attorneys' fees and service award. *Id.* ¶ 15.

Simpluris also emailed notice reminders to the Settlement Class Members, and developed and hosted a dedicated settlement website, including the ability to electronically file a claim or otherwise opt-out from the Settlement. *Id.* ¶¶ 16-17, 19-21. Further, Simpluris set up a toll-free hotline that Settlement Class Members could call if they had questions about the settlement, along with a contact email address and postal mailing address for written question submissions.[3] *Id.* ¶¶ 19-21.

As a result of these efforts, Simpluris successfully disseminated the Court-approved notices to approximately 82.72% of the Settlement Class. *Id.* ¶ 18. This resulted in over 4,000 claims, *zero* objections, and *zero* requests for exclusion. *Id.*

---

[3] Simpluris also notified the appropriate state and federal officials pursuant to CAFA. *See* Lechner Decl. ¶ 5.

¶¶ 23, 26.    The Notice Plan thus comports with Due Process and Rule 23's requirements.

## IV.    CLASS COUNSEL REQUESTS REIMBURSEMENT FOR ADDITIONAL COSTS AND EXPENSES

In the Motion for Attorneys' Fees, Class Counsel requested reimbursement for $7,145.92 in costs related to the prosecution of this action.  ECF No. 31 at 13.  Since that time, Class Counsel has incurred an additional $1,510.98 in expenses related to travel arrangements for the Final Approval Hearing.  Roberts Decl. ¶ 5.  Accordingly, Class Counsel has now incurred a total of $8,656.90 in costs and expenses related to the prosecution of this action.  *Id*.  Class Counsel therefore respectfully requests reimbursement of $8,656.90 in costs and expenses for the reasons set forth in the Motion for Attorneys' Fees.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her unopposed Motion for Final Approval of Class Settlement.  A Proposed Order granting final approval and certifying the Settlement Class is submitted herewith.

Dated: July 10, 2025         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor

New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Class Counsel*

## **CERTIFICATE OF COMPLIANCE**

The undersigned Counsel of record for Plaintiff certifies that this brief contains 4,445 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ L. Timothy Fisher*
L. Timothy Fisher