**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LINDSY SAARLOOS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE COWBOY CHANNEL, LLC,

Defendant.

Case No. 5:24-cv-2058

**[PROPOSED] AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Hon. Kenly Kiya Kato

On March 28, 2025, this Court granted preliminary approval of the proposed class action settlement between the parties ("Settlement Agreement").

The Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on August 7, 2025. The Settlement Class is defined as: all persons in the United States who have or had a subscription to Cowboy Channel Plus on cowboychannelplus.com from September 25, 2022 through, and including, October 9, 2024. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

On August 7, 2025, the Court held a duly noticed final approval hearing to consider:

(1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate;

(2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and

(3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Lindsey Saarloos.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to Settlement Class Members who have or had a subscription to Cowboy Channel Plus at issue, as ordered by the Court, the Class Action Fairness Act notice was provided timely to

State and federal officials, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Persons, and the awards of attorneys' fees, costs, and expenses and incentive award requested, are fair, reasonable, and adequate, hereby ORDERS THAT:

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference into this Settlement Approval Order and Final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) the Representative Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court has also conducted the choice of law analysis required by *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) and determined that it can certify a nationwide class under California law and that California has a substantial interest in regulating the conduct of companies who do business in California.

3. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of: all persons in the United States who have or had a subscription to Cowboy Channel Plus on cowboychannelplus.com from September 25, 2022 through, and including,

October 9, 2024. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

4. The Court appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class. The Court designates Plaintiff Lindsy Saarloos as the Class Representative.

5. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement Agreement is approved as fair, reasonable and adequate, and the Settlement Class Members and the Parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees, costs, and expenses in the amount of $258,656.90. The Court also orders payment of an incentive award(s) in the amount(s) of $5,000.00 to Plaintiff Lindsy Saarloos. These amounts are to be paid in the time and manner described in the Settlement Agreement.

8. The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Persons.

9. Representative Plaintiff and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Persons.

10. Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall be deemed to have, and by operation of law shall have, fully, finally and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Video Privacy Protection Ac ("VPPA"), 18 U.S.C. § 2710, or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' information which identifies such person as having requested or obtained specific video materials or services from Released Parties to any third party, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties.

11. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant of the truth of the facts alleged by the Representative Plaintiff or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendant;

(b) offered by any person or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant or any other wrongdoing by Defendant;

(c) offered by any person or received against Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation of Settlement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Persons.

12. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Stipulation of Settlement; and (c) enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

13. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

14. In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

**SO ORDERED.**

DATED: ____________________

____________________________________
The Honorable Kenly Kiya Kato
UNITED STATES DISTRICT JUDGE